UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| In Re: Gary Lee Pansier, and <br> Joan Renee Pansier, <br><br>                 Debtors. | ) <br> ) <br> ) <br> ) <br> ) <br> ) | Case No. 18-22297-beh |
| Gary Lee Pansier, and <br> Joan Renee Pansier, <br><br>                 Plaintiffs, <br><br>                 -v- <br><br> STATE OF WISCONSIN <br> DEPARTMENT OF REVENUE <br> and INTERNAL REVENUE SERVICE, <br><br>               Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Case No. 18-02129-beh |

**PLAINTIFF'S MOTION FOR LEAVE TO AMEND ADVERSARY COMPLAINT**

      NOW COMES the Plaintiffs, Gary Lee Pansier and Joan Renee Pansier and respectfully request that the Court grant them leave to amend their adversary complaint pursuant to Fed.R.Bankr.P 7015(a). In support thereof, the Plaintiffs state:

      1. The Plaintiffs are debtors in the above-captioned Chapter 7 Bankruptcy proceeding.

      2. The adversary proceeding was brought in connection with Debtors bankruptcy Case Number 18-22297-beh, currently pending in this Court.

      3. On June 8, 2016, Plaintiffs filed the Adversary Complaint To Determine the

Dischargeability of Income Taxes and Motion for Injunctive Relief, naming the Internal Revenue Service and the Wisconsin Department of Revenue as Defendants.[1] On June 19, 2018, the Summons and Complaint was served on the U.S. Department of the Treasury, Internal Revenue Service, the Wisconsin Department of Revenue, the Wisconsin Attorney General, the Civil Process Clerk at the U.S. Attorney's Office, the Office of the U.S. Trustee and the Chapter 7 Private Panel Trustee.

6. On July 25, 2018, Laura D. Steele, Attorney for the United States Trustee filed a Motion for 2004 Examination and production of documents related to the subject matter of the Plaintiff's pending adversary proceeding.

4. On July 6, 2018, the Wisconsin Department of Revenue filed an answer. On July 13, 2018, the Internal Revenue Service filed their answer, denying that the tax liabilities for the years at issue are dischargeable due to "debtors' willful attempt to evade or defeat payment of tax," even though a plan to discharge taxes in bankruptcy at a time when Plaintiffs lack the ability to pay is not an attempt to evade or defeat a tax liability.

5. On July 16, 2018, Laura D. Steele, Attorney for the United States Trustee filed a Motion To Dismiss Complaint as to the United States Trustee Only in the adversary proceeding because the Plaintiffs seek injunctive relief against the U.S. Trustee and the Trustee was not named as a Defendant.

6. On July 25, 2018, Laura D. Steele, Attorney for the United States Trustee filed a Motion for 2004 Examination and production of documents related to the subject matter of the

---

[1] When filing their complaint, Plaintiffs referred back to the caption for the adversary complaint filed in their bankruptcy Case No. 90-00906-JES, Adv. No. 90-0173 where Attorney David D. Brown names the INTERNAL REVENUE SERVICE as a Defendant, not the United States of America.

Plaintiff's pending adversary proceeding.

7. In the pre-trial hearing on August 16, 2018 regarding the fact that the U.S. Trustee was not properly named in the complaint as a party, the Court stated that the "plaintiffs may submit a motion seeking leave to amend their complaint to add the U.S. Trustee as a defendant." The Plaintiffs are doing so now.

**Analysis**

8. Pursuant to Fed.R.Bankr.P. 7015(a), a party may amend their complaint in an adversary proceeding within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be free given when justice so requires.

9. During the hearing on August 16, 2018, the Court questioned the standing of the U.S. Trustee to file a motion to dismiss the complaint if they are not a party to the complaint. The Court granted the U.S. Trustee's Motion and stated that it "will issue a declaratory order that the complaint is insufficient and that the U.S. Trustee has not been properly named as a party." As of this writing, the Plaintiffs have not received a copy of the declaratory order, or notice that the order was granted by the Court. However, it is their position that they have a good faith basis for amending their complaint to include the U.S. Trustee as defendant because the adversary complaint was filed and served on June 19, 2018, *prior* to the filing of the U.S. Trustee's Motion for 2004 Examination of the debtor's on July 25, 2018. [2]

10. Because the subject matter of the adversary complaint deals with the fact that the government is precluded from revisiting or relitigating the issue of Sheffield Crest Trust, and the

---

[2] See Case No. 18-02129-beh, Docket No. 4 and Case No. 18-22297-beh, Docket No. 41 and 42.

U.S. Trustee requested the 2004 Examination and production of documents *after* the filing of the adversary proceeding; in the interest of justice, the Plaintiffs should be allowed to amend their complaint to include the U.S. Trustee as a Defendant.

11. In the Trustee's motion to dismiss the adversary complaint as to the United States Trustee Only pursuant to Fed.R.Civ.P. 12(b)(6), as incorporated by Fed.R.Bankr.P. 7012. However, this basis for dismissal is not available to a non-party. *See Blasingim v. Hill*, 2008 WL 11320088 (N.D.Ga. Sept. 8, 2008), *quoting Dolphin v. Waterbury Police Dep't*, 2007 WL 102074, *1 (D.Conn. March 30, 2007) (denying the City of Waterbury's motion to dismiss pursuant to Rule 12(b)(6) as moot due to court's finding that it was not a party to the lawsuit). [3]

12. In *Blasingim v. Hill*, the case quoted *Wasson v. Riverside County*, 237 F.R.D. 423, 423 n.1(C.D. Cal. 2006) (noting that the plaintiff attempted to serve the complaint on various non-parties who then filed Rule 12(b)(6) motions to dismiss, the court "struck these motions because the non-parties filing them lack standing to file a Rule 12(b)(6)") In the instant case, the Court granted the Trustee's MOTION TO DISMISS COMPLAINT AS TO THE UNITED STATES TRUST ONLY in spite of the fact that the Trustee lacked standing to file a 12(b)(6) motion.

13. It is the U.S. Trustee who is asking the Court and the Plaintiff/Debtors to go back in time twenty-eight (28) years and somehow undo the sworn schedule statement submitted in prior bankruptcies by making the claim that "the plaintiffs have filed three previous bankruptcy cases

---

[3] In the Court Minutes and Order from the August 16, 2018 hearing in this case, *Blasingim v. Hill*, 2008 WL 11320088 (N.D.Ga. Sept. 8, 2008) was incorporated into the Court's decision to grant the U.S. Trustee's MOTION TO DISMISS COMPLAINT AS TO THE UNITED STATES ONLY, Docket No. 7.

4

that omit any real property interests from schedule A/B."

14. The Seventh Circuit Court of Appeals recognizes that, in determining whether a party is named properly in a complaint, courts are not bound necessarily by the caption and can look beyond the caption to determine the defendants in a case. *See Ordower v. Feldman*, 826 F.2d 1569, 1570 (7th Cir. 1987); *Kolar v. County of Sangamon*, 756 F.2d 564 (7th Cir. 1985).

15. Even though the Plaintiffs did not actually name the U.S. Trustee as a defendant, they are listed on the docket as a "party," and appear to be representing the interests of the Internal Revenue Service both of which are considered "governmental units" of the United States of America that bestows jurisdiction of the Court over both entities.

16. Even where a case has proceeded to trial, the bankruptcy court is required to join a necessary party rather than to dismiss the action for failure to so join him. *See In re DiBona*, 7 B.R. 798, 801 (Bankr. E.D. Penn.) Furthermore, according to Fed.R.Bankr.P. 2021, misjoinder and non-joinder of parties is not grounds for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party (or of its own initiative) at any stage of the action and on such terms as are just.

17. Because this adversary proceeding is in the early stages and a date has not yet been set for trial, this Court should be guided by the principle that the U.S. Trustee is inextricably interwoven with the subject matter of the adversary complaint, and leave to amend shall be given when justice so requires.

### Good Faith Basis for Seeking Leave to Amend their Complaint

18. The rule governing amendments to pleadings evinces bias in favor of granting leave to amend; therefore, unless there is substantial reason to deny leave to amend, discretion of the

5

court is not broad enough to permit denial. *See Select Creations, Inc., v. Paliafito America, Inc.*, 830 F.Supp. 1213, 1216 (E.D.WI. 1993)

19. In considering whether to allow the Plaintiffs to amend their complaint to include the United States Trustee as a Defendant, the Court considers the "diligence of the party seeking amendment in making a good cause determination." *See Anderson v. City of West Bend Police Dept.*, 774 F.Supp. 2d 925 (E.D.WI 2011).

20. Leave to amend should only be denied where there has been undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment. *See Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962)(dictum 3); *Figgie International Inc.*, 966 F.2d 1178, 1180 (7th Cir. 1992).

21. It cannot be said that the Plaintiffs have acted in bad faith, caused undue delay, or that leave to amend their complaint would cause prejudice to the U.S. Trustee because the Court is allowing the Trustee to conduct a "fishing expedition" into the same issues that are pending in the adversary complaint. It is the U.S. Trustee who has been granted permission in the form of a 2004 Examination to go back in time twenty-eight (28) years and somehow attempt to undo the sworn schedules submitted in the Plaintiff's prior bankruptcies by making the claim in their motion to dismiss that "the plaintiffs have filed three previous bankruptcy cases that omit any real property interests from schedule A/B."

22. It remains unclear how this Court made the determination that the "pending proceeding rule" does not apply in this situation when the majority of courts that have addressed this issue have prohibited a Rule 2004 Examination of parties involved in an adversary proceeding while it is pending. The majority of courts that have addressed this issue have prohibited a Rule 2004 exam of parties involved in or affected by an adversary proceeding while it is pending. *See In re 2435 Plainfield Ave., Inc.*, 223 B.R. 440, 455 (Bankr. D.N.J.1998), (("*Sweetland v. Szadkowski In re Szadkowski)*, 198 B.R. 140, 141 (Bankr.D.Md.1996) ("Once an adversary proceeding has commenced...discovery may be had only pursuant to the discovery provisions of the Federal Rules of Civil Procedure"); *In re Bennett Funding Group, Inc.*, 203 B.R. 24, 28 (Bankr.N.D.N.Y.1996) ("The well recognized rule is that once an adversary proceeding or contested matter has been commenced, discovery is made pursuant to FED.R.BANKR.P. 7026 et seq., rather than by a FED.R.BANKR.P. 2004 examination"); *In re Sutera*, 141 B.R. 539, 541 (Bankr.D.Conn.1992) stating that Rule 2004 is inapplicable when contested matters or adversary proceedings have been commenced and are pending); *Intercontinental Enterprises, Inc. v. Keller (In re Blinder Robinson & Co., Inc.),* 127 B.R. 267, 274 (D.Colo.1991) (holding that federal discovery rules not Rule 2004 applied to examination of parties affected by adversary proceeding); *In re Valley Forge Plaza Assoc.*, 109 B.R. 669, 674 (Bankr.E.D.Pa.1990) ("once an adversary or a particular contested matter is under way, discovery sought in furtherance of litigation is subject to the F.R.Civ.P. rather than the broader bounds of R. 2004"); *In re Drexel Burnham Lambert Group, Inc.*, 123 B.R. 702, 711 (Bankr.S.D.N.Y.1991) ("The cases are all in agreement that once an adversary proceeding is in progress a creditor/debtor does not have a right to a 2004 examination")).

23. In this case, it appears that the Court has determined that the Plaintiffs are not entitled to the same rights as parties to a federal suit in a nonbankruptcy context, including the due process and procedural safeguards of the discovery process provided by Fed.R.Bankr.P. 7026-7037. By ignoring the "pending proceeding rule," and granting the 2004 Examination by the U.S. Trustee, the Court has essentially rendered the Plaintiff's request for an injunction in their complaint moot. Therefore, there is a good cause basis to grant Plaintiff's motion for leave to amend their complaint after the 2004 Examination is completed in order to prevent an injustice.

24. The Plaintiffs have no problem producing the documents requested by the U.S. Trustee once again because they do not have any equitable or future interests in any real or trust property. However, it was the U.S. Trustee herself who referred to the observation of Chief Judge Kelley in the 2008 bankruptcy case, "Res judicata and collateral estoppel do not bar the Trustee from reviewing copies of documents." [4] The U.S. Trustee failed to include the fact that after the documents were produced, the 2004 Examination was cancelled and the private panel trustee had the opportunity at that time to pursue the issue and did nothing.

25. The U.S. Trustee in her Motion to Dismiss stopped short of providing a complete analysis of the doctrine of res judicata or claim preclusion because it actually bars the litigation of not only issues that were actually litigated, but also issues that could have been litigated, might have been litigated, or should have been litigated in the original suit or former proceedings.

26. Producing documents and being subject to an interrogation regarding matters that go back over three (3) decades are two different things. Because Plaintiffs are unrepresented

---

[4] Case No. 08-32400-svk, Docket No. 33

8

litigants, the likelihood that the 2004 Examination will be used for an improper purpose to harass and intimidate them seems likely when the government has already concluded that tax liabilities for the years at issue are not dischargeable due to "debtors' willful attempt to evade or defeat payment of tax," even though a plan to discharge taxes in bankruptcy at a time when Plaintiffs lack the ability to pay is not an attempt to evade or defeat a tax liability.

Finally, Plaintiffs have presented the Court with a good faith basis for leave to amend their complaint following the 2004 Examination. The grant of this motion is particularly appropriate here, given the clear absence of any substantial reason to deny leave to amend.

## Conclusion

In the interest of justice, the Plaintiff's respectfully request that this Court grant their motion for leave to file an amended complaint.

Dated this 27th Day of August, 2018.

Respectfully submitted,
All Rights Reserved,

By: /s/
Gary Lee Pansier, Plaintiff
N6755 Loop Lake Road
Crivitz, Wisconsin 54114
(715) 854-7971

By: /s/
Joan Renee Pansier, Plaintiff
N6755 Loop Lake Road
Crivitz, Wisconsin 54114
(715) 854-7971

9

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WISCONSIN

In Re:

Gary Lee Pansier and
Joan Renee Pansier,

         Debtors.

Case No. 18-22297-beh

---

Gary Lee Pansier, and
Joan Renee Pansier,

         Plaintiffs,

-v-

STATE OF WISCONSIN
DEPARTMENT OF REVENUE
and INTERNAL REVENUE SERVICE,

         Defendants.

Adv. Case No.18-02129-beh

---

## [PROPOSED] ORDER

Plaintiffs/debtors, Gary Lee Pansier and Joan Renee Pansier filed a Motion for Leave to File an Amended Complaint Pursuant to Fed.R.Bankr.P. 7015(a) on August 27, 2018.

Whereas the Court has considered Plaintiff's motion, THE COURT FINDS that Plaintiffs have demonstrated that good cause exists and justice requires the grant of leave to file the proposed amended complaint.

Therefore, Plaintiff's Motion is hereby GRANTED.

**SO ORDERED**, this ___ day of _____, 2018.

                                                The Honorable Beth E. Hanan
                                                United States Bankruptcy Judge

RECEIVED - MAIL

2018 AUG 29 A 11:07

US BANKRUPTCY COURT
EASTERN DISTRICT OF WI

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

FILED-MAIL

2018 AUG 29 AM 11: 28

US BANKRUPTCY COURT
EASTERN DISTRICT OF WI

In Re: )
)
Gary Lee Pansier and )
Joan Renee Pansier, ) Case No. 18-22297-beh
)
        Debtors. )

---

Gary Lee Pansier, and )
Joan Renee Pansier, )
)
        Plaintiffs, ) Adv. Case No.18-02129-beh
)
    -v- )
)
STATE OF WISCONSIN )
DEPARTMENT OF REVENUE )
and INTERNAL REVENUE SERVICE, )
)
        Defendants. )

---

## CERTIFICATE OF SERVICE

    I hereby certify that on August 27, 2018, I filed the attached PLAINTIFF'S MOTION FOR LEAVE TO AMEND ADVERSARY COMPLAINT by Gary Lee Pansier, and Joan Renee Pansier by U.S. Postal Service Certified Mail #7018 0360 0002 0479 3996 with Janet L. Medlock, Clerk of the United States Bankruptcy Court, ED-WI, 126 U.S. Courthouse, 517 E. Wisconsin Avenue, Milwaukee, Wisconsin, 53202-4581.

    A true and correct copy of the foregoing was sent by U.S. Postal Service via First Class Mail on this same day to:

James W. McNeilly, Jr.
Attorney, State of Wisconsin
Department of Revenue
P.O. Box 8907
Madison, Wisconsin 53708-8907

United States Department of the Treasury
Internal Revenue Service
1111 Constitution Avenue NW
Washington, DC 20224

Laura D. Steele
Attorney for the United States Trustee
517 East Wisconsin, Room 430
Milwaukee, Wisconsin 53202

LaQuita Taylor-Phillips
United States Department of Justice
P.O. Box 7238
Washington, DC 20044

Paul G. Swanson, Trustee
107 Church Avenue
P.O. Box 617
Oshkosh, Wisconsin 54903-0617

FILED-MAIL

2018 AUG 29  AM 11:28

US BANKRUPTCY COURT
EASTERN DISTRICT OF WI

Respectfully submitted
All Rights Reserved

By: *(signature)*
Joan Renee Pansier
Plaintiff/Debtor
N6755 Loop Lake Road
Crivitz, Wisconsin 54114
(715) 854-7971

August 27, 2018
USPS Certified Mail #7018 0360 0002 0479 3996


RECEIVED - MAIL

2018 AUG 29 A 11: 09

US BANKRUPTCY COURT
EASTERN DISTRICT OF WI

Janet L. Medlock, Clerk
U.S. Bankruptcy Court, ED-WI
126 U.S. Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202-4581

Re: *In re: Gary Lee Pansier and Joan Renee Pansier*, U.S. Bankruptcy Case No. 18-22297-beh, Adv. Case No. 18-02129, **PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

Dear Clerk:

Enclosed please find one (1) original and one (1) copy of our Plaintiff's Motion for Leave to Amend Complaint and Proposed Order to be filed in the Adversary Case No. 18-02129-beh at your earliest convenience.

A true and correct copy of this Motion and Proposed Order has also been sent by USPS First Class Mail to:

James W. McNeilly, Jr.
Attorney, State of Wisconsin
Department of Revenue

United States Department of the Treasury
Internal Revenue Service

Laura D. Steele
Attorney for the United States Trustee

LaQuita Taylor-Phillips
U.S. Department of Justice

Paul G. Swanson
Private Panel Trustee

Thank you very much for your assistance in this matter.

Respectfully submitted,

By: *Joan Renee Pansier*
Joan Renee Pansier, Plaintiff/Debtor
N6755 Loop Lake Road
Crivitz, Wisconsin 54114
(715) 854-7971

Encl: Plaintiff's Motion for Leave to Amend Adversary Complaint (Original, one copy)
   Proposed Order
   Certificate of Service