UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re:

    Gary L. Pansier and
    Joan R. Pansier,

              Debtors.

Case No. 18-22297-beh

Chapter 7

---

Gary Lee Pansier, et al.,

              Plaintiffs,

v.

State of Wisconsin Department
of Revenue, et al.,

              Defendants.

Adversary No. 18-2129

---

### DECISION AND ORDER DENYING PLAINTIFFS' MOTION
### FOR LEAVE TO AMEND THEIR ADVERSARY COMPLAINT

      The debtors seek leave to amend their adversary complaint to add the United States Trustee as a defendant. They believe such an addition will prevent the U.S. Trustee from proceeding to conduct a Rule 2004 examination that the Court has approved and that is scheduled to take place in less than two weeks (or will otherwise limit the U.S. Trustee's subsequent ability to investigate their property interests). They invoke arguments they have used twice before, unsuccessfully. They mischaracterize prior rulings of this Court and courts that presided over their earlier bankruptcy cases. Most critically, they fail to realize that amendment would be futile. The motion will be denied.

### BACKGROUND

      On June 11, 2018, the debtor-plaintiffs filed an adversary complaint naming the State of Wisconsin, Department of Revenue, and the Internal Revenue Service as Defendants. Neither the caption of the complaint, nor the paragraphs identifying the defendants (¶¶ 3 and 4), identified the United States Trustee as a party to the action. Nevertheless, the complaint requested injunctive relief against the United States Trustee, asking the Court to "order the Office of the U.S. Trustee to refrain from [investigating the debtors' interests in] the property at N6755 Loop Lake Road, Crivitz, Wisconsin"—which the debtors assert is held by an irrevocable trust, the Sheffield Crest Trust—including by conducting a Rule 2004 examination of the debtors. *See* CM-ECF

Doc. No. 1, at 5 and ¶ 10. According to their petition, the debtors reside at the Loop Lake Road address.

On June 20, in the debtors' main case, the United States Trustee filed a motion to conduct a Rule 2004 examination to question the debtors about, among other things, the Sheffield Crest Trust. The debtors objected to the motion, making two primary arguments: (1) the Rule 2004 request is procedurally improper under the "pending proceeding" rule, in light of this adversary proceeding, and (2) the U.S. Trustee's motion was intended for an improper purpose, because it seeks to obtain information regarding a matter that the U.S. Trustee is barred from litigating based on *res judicata* and collateral estoppel. The Court held a hearing on the U.S. Trustee's motion on July 25, and rejected both of the debtors' contentions. The Court concluded that the "pending proceeding" rule was inapplicable because the U.S. Trustee is not a defendant in this adversary proceeding, and that *res judicata* and collateral estoppel do not bar the U.S. Trustee from reviewing documents or obtaining the requested information.[1] At the July 25 hearing, the debtors and counsel for the United States Trustee agreed that the debtors would produce the requested documents by September 5, 2018, and appear for an examination on September 12, 2018. The debtors did not request reconsideration of the Court's July 25, 2018 ruling.

On July 16, the United States Trustee moved to dismiss this adversary proceeding as against the U.S. Trustee only. The motion noted that the complaint failed to name the U.S. Trustee as a defendant, and argued that the complaint should be dismissed under Rule 12(b)(6) in any event, because it did not state a claim for injunctive relief based on *res judicata* and collateral estoppel, which do not apply. A month later, the Court held an initial pretrial conference. At that hearing, the Court construed the United States Trustee's motion to dismiss as a request for a declaratory order that the U.S. Trustee is not a defendant in this action. The Court granted the request on the record, based on the debtors' failure to comply with Fed. R. Civ. P. 10(a). *See* CM-ECF Doc. No. 9, at 2 (August 16, 2018 Court Minutes).[2] The Court added: "If they have a good faith basis for doing so, the plaintiffs may submit a motion seeking leave to amend their complaint to add the U.S. Trustee as a defendant," while

---

[1] In doing so, the Court cited to and agreed with an order issued in one of the debtors' prior bankruptcy cases, Case No. 08-32400-svk, in which the bankruptcy judge denied the debtors' motion for reconsideration of an order requiring production of documents to the Chapter 7 trustee. The court in that case rejected similar arguments to those the debtors make here, concluding: "The Debtors' Motion for Reconsideration is not well-taken. Res judicata and collateral estoppel do not bar the Trustee from reviewing copies of documents." Case No. 08-32400-svk, CM-ECF Doc. No. 33 (Feb. 24, 2009).

[2] *See also* CM-ECF Doc. No. 13, Order Denying Debtors' Request for Injunction Against the U.S. Trustee, entered August 28, 2018.

also "caution[ing] the plaintiffs to consider the court's order allowing the U.S. Trustee to conduct a Rule 2004 examination, after overruling their objections based on collateral estoppel and pending proceeding." *Id.*

On August 29, the debtors filed a motion to amend their complaint, to add the United States Trustee as a party. The United States Trustee has not yet responded to the debtors' motion; however, many of the arguments in the U.S. Trustee's original motion to dismiss are reflective of those the Court would expect to see in a response to the present motion. Moreover, the debtors' deadline to produce documents is days away, and they do not receive court documents electronically. Before reaching the legal merits of the debtors' motion to amend, the Court first must address or correct several misunderstandings or misstatements in the motion.

First, the debtors misapprehend the role of the United States Trustee— particularly vis-à-vis the Internal Revenue Service. They assert that the U.S. Trustee "appear[s] to be representing the interests of the Internal Revenue Service both of which are considered 'governmental units' of the United States of America that bestows jurisdiction of the Court over both entities." To a degree, that is true: the United States Trustee is charged with considering the best interests of the Internal Revenue Service, *as well as the interests of all other creditors and the bankruptcy estate*. That is because the traditional function of the United States Trustee "is to act as an impartial supervisor of the bankruptcy process *for the benefit of all*." *Listecki v. Official Comm. of Unsecured Creditors*, 780 F.3d 731, 740 (7th Cir. 2015) (emphasis added). The U.S. Trustee does not advance the singular interest of one particular creditor in bankruptcy; instead, he is a "congressionally ordained watchdog" with a statutory interest in protecting the rules and procedures of bankruptcy, and making sure that bankruptcy law isn't abused. *In re S. Beach Sec., Inc.*, 606 F.3d 366, 371 (7th Cir. 2010); *see also In re Nieves*, 246 B.R. 866, 870 (Bankr. E.D. Wis. 2000) ("The legislative history of the Bankruptcy Reform Act of 1978 indicates that Congress expected U.S. Trustees to oversee administration of bankruptcy cases and act as 'watchdogs ... prevent[ing] fraud, dishonesty, and overreaching in the bankruptcy arena.'") (quoting H.R. Rep. No. 95–595, 95th Cong. 1st Sess. at 88, 1978 U.S. Code Cong. & Admin. News pp. 5963, 6049). The United States Trustee and the Internal Revenue Service—despite both being part of the federal government—are not synonymous.

Second, the debtors mischaracterize the record and the Court's prior rulings in this case. The debtors assert that "the Court granted the [U.S.] Trustee's [motion to dismiss] in spite of the fact that the [U.S.] Trustee lacked standing to file a 12(b)(6) motion." That is not an accurate description of the Court's ruling. As the Court explained on the record at the August 16 hearing, because the debtors had failed to name the U.S. Trustee as a defendant in the

caption of the complaint, the U.S. Trustee had not been made a party to the adversary proceeding. *See Myles v. United States*, 416 F.3d 551, 551 (7th Cir. 2005) ("[T]o make someone a party the plaintiff must specify him in the caption and arrange for service of process. . . . Naming and serving defendants is vital. How can one defend without first becoming a party?"); *In re C.P. Hall Co.*, 506 B.R. 751, 755 n.2 (Bankr. N.D. Ill. 2014) ("*Myles* makes clear . . . that a person is not a party to an action unless his name appears in the caption itself."). Because the Court questioned the propriety of a non-party moving to dismiss a complaint for failure to state a claim, the Court treated the U.S. Trustee's motion as a request for a declaratory order that the U.S. Trustee was not a defendant in this proceeding, a request the Court granted.

The debtors also accuse the Court of having "determined that the Plaintiffs are not entitled to the same rights as parties to a federal suit in a nonbankruptcy context, including the due process and procedural safeguards of the discovery process provided by Fed. R. Bankr. P. 7026-37." CM-ECF Doc. No. 15 ¶ 23. The debtors have mistaken the Court's legal conclusion that the pending proceeding rule is inapplicable (because the U.S. Trustee is not a party to this proceeding) with a wholesale rejection of the doctrine. The debtors are counseled to frame any future filings only as good faith legal arguments. Less than candid arguments have no place in our federal courts and could be subject to sanction. *See, e.g., Williams v. Bd. Of Education,* 155 F.3d 853, 858 (7th Cir. 1998) (plaintiff's counsel showed lack of respect for rules of litigation, court deadlines; court gave progressive warnings).

Finally, the debtors raise a number of arguments that are irrelevant to a motion to amend, repeating prior arguments or challenging the Court's earlier rulings. The debtors still contest the Court's August 16, 2018 determination that their complaint was insufficient to make the U.S. Trustee a defendant in this action, citing *Ordower v. Feldman,* 826 F.2d 1569 (7th Cir.1987) and *Kolar v. Sangamon Cty. of State of Ill.*, 756 F.2d 564 (7th Cir. 1985).[3] But neither of those cases dealt with the requirements of Rule 10(a). *Myles*—cited above, and also cited by the Court during its August 16 oral ruling—does. And *Myles* is controlling. The debtors briefly discuss the misjoinder or non-joinder of necessary parties, procedures not at issue here.

---

[3] The debtors cite these cases in support of their statement that "[t]he Seventh Circuit Court of Appeals recognizes that, in determining whether a party is named properly in a complaint, courts are not bound necessarily by the caption and can look beyond the caption to determine the defendants in a case." To the contrary, the Seventh Circuit has eschewed this lenient approach to Rule 10(a) of the Federal Rules of Civil Procedure—which commands that "[t]he title of the complaint must name all of the parties." *See In re C.P. Hall Co.*, 506 B.R. 751, 754–55 (Bankr. N.D. Ill. 2014) (comparing three different approaches to the requirements of Rule 10(a), and identifying the Seventh Circuit's approach as "mandatory").

The bulk of the substantive arguments the debtors raise in seeking to amend the complaint are the very same arguments the Court rejected on July 25, 2018 in overruling the debtors' objections to the U.S. Trustee's motion for a Rule 2004 examination. The debtors complain that the Court is allowing the United States Trustee to "conduct a 'fishing expedition' into the same issues that are pending in the adversary complaint." But the Court previously described the purpose of a Rule 2004 examination to the debtors: the United States Trustee, working in the interest of all creditors, is entitled to obtain complete and accurate disclosure of the debtors' assets at this time, and in this case. This adversary proceeding was initiated wholly at the debtors' insistence, and their apparent purpose (with the proposed amendment, at least) is to limit or constrain the scope of the U.S. Trustee's Rule 2004 examination by invoking discovery rules. Their dogged reliance on the "pending proceeding" rule is misplaced. A debtor cannot prevent the United States Trustee from fulfilling his oversight role—in this case, accomplished through a Rule 2004 examination—by filing an adversary proceeding seeking to enjoin the U.S. Trustee from carrying out his duties and then invoking the "pending proceeding" rule, regardless of the merits of the complaint.[4]

This brings me to the merits of *this* proposed complaint—and the motion to amend.

## ANALYSIS

The debtors ask to amend their complaint to add the United States Trustee as a party and to pursue a request for injunctive relief, on the premise that "the government is precluded from revisiting or relitigating the issue of Sheffield Crest Trust."

While it is true, as the plaintiffs argue, that the Federal Rules reflect a liberal attitude toward amending pleadings, *see* Fed. R. Civ. P. 15(a)(2), it is equally true that courts have "broad discretion to deny leave to amend" under appropriate circumstances, including "where the amendment would be futile."

---

[4] Multiple courts invoke the "fishing expedition" descriptor of a Rule 2004 exam, while noting the tool is not wholly without limits. *See, e.g., In re Handy Andy Home Improvement Centers, Inc.*, 199 B.R. 376, 380 (Bankr. N.D. Ill. 1996) ("An investigation under Fed. R. Bankr. P. 2004 may seem analogous to the discovery provisions of the Federal Rules of Civil Procedure, but the provisions are actually quite different. No 'good cause' language is included in the Rule. Generally, a Rule 2004 examination is a broad 'fishing expedition' into a party's affairs for the purpose of obtaining information relevant to the administration of the bankruptcy estate."); *In re J.&R. Trucking, Inc.*, 431 B.R. 818, 821 (Bankr. N.D. Ind. 2010) ("Unlike traditional discovery, which narrowly focuses on the issues germane to the dispute, Rule 2004 has been rightly characterized as a 'fishing expedition.' It is a broad-ranging inquiry into the debtor's assets, liabilities, financial affairs and anything else that might affect the administration of the bankruptcy estate.").

*Gonzalez–Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015). In this case, allowing the plaintiffs to amend their complaint to pursue the requested injunctive relief would be a fruitless exercise, and an unnecessary use of judicial time and resources. For the reasons explained below, the request to enjoin the United States Trustee "from pursuing this course of action [trying to determine whether the plaintiffs have an equitable interest] regarding the property at N6755 Loop Lake Road, Crivitz, Wisconsin" would not survive a motion to dismiss for failure to state claim. *See Gandhi v. Sitara Capital Mgmt., LLC*, 721 F.3d 865, 869 (7th Cir. 2013) ("District courts may refuse to entertain a proposed amendment on futility grounds when the new pleading would not survive a motion to dismiss."). Allowing the amendment would serve no purpose other than to protract (temporarily) this litigation.

The debtors rest their request for injunctive relief on the doctrines of *res judicata* and collateral estoppel. Specifically, they claim that the U.S. Trustee is precluded from investigating their interest in the real property at N6755 Loop Lake Road, Crivitz, Wisconsin because the U.S. Trustee had a "full and fair" opportunity to litigate the issue during the debtors' three prior bankruptcies, filed in 1990, 1998, and 2008. They similarly assert that their prior bankruptcy schedules establish a basis for preclusion or estoppel: "The Schedules A/B submitted in the bankruptcies contain sworn statements of our personal assets and property, none of which include evidence that we have an equitable interest in the property at N6755 Loop Lake Road, or any other real property in 1990, 1998, 2008 or in the 2018 bankruptcy petition. Therefore, pursuant to the doctrines of *res judicata* and collateral estoppel, the Office of the U.S. Trustee is precluded from relitigating or revisiting this claim or issue in the instant case."[5]

Notably, the debtors' claim for injunctive relief relies on two inaccuracies. First, the debtors incorrectly assert that, in their 2008 case, "[t]he Office of the U.S. Trustee was given the opportunity to litigate the trust issue and did file a motion to conduct a Rule 2004 Examination on February 17, 2009." But it was the Chapter 7 trustee, not the United States Trustee, who moved to conduct a Rule 2004 examination in that case. Second, the debtors misconstrue a related order issued by the bankruptcy judge in that case, claiming that "the Court determined that 'trust documents do not suggest grounds for objecting to the discharge.'" That court made no such determination; instead, in denying the Chapter 7 trustee's motion for an extension of time to object to the debtors' discharge, the court merely observed

---

[5] Taking this argument to its logical conclusion, a repeat filer would need to submit only a signed statement, "No new property," as a substitute for his later schedules. But that is not what the Code requires.

statements that the trustee made on the record at a hearing. For clarity, this Court will reproduce the text of the prior court's order in its entirety:

> On February 26, 2009, the Chapter 7 Trustee filed a Motion to Extend the Time to Object to the Debtors' Discharge. The Trustee requested the additional time because he had not yet received certain trust documents he had requested from the Debtors. The Debtors objected to the Trustee's request for an extension, and represented that they had turned over the documents. At a hearing held on the Motion on March 23, 2009, the Trustee advised that he had received the trust documents, and although the documents suggest that there may be an asset to pursue in the Debtors' case, the trust documents do not suggest grounds for objecting to the Debtors' discharge. The Trustee nevertheless requested an additional two weeks to further review the possibility of objecting to the Debtors' discharge. Given that the basis of the Trustee's Motion was that he did not have the trust documents, and he has received and had ample time to review those documents,
>
> IT IS THEREFORE ORDERED: that the Trustee's Motion to Extend the Time to Object to the Debtors' Discharge is denied. The Debtors' discharge should be promptly issued.

Case No. 08-32400-svk, CM-ECF Doc. No 48 (March 24, 2009).

On this record, the debtors cannot invoke *res judicata* or collateral estoppel—and therefore cannot state a plausible claim for injunctive relief on those grounds—because of the same, fundamental problem: both doctrines require a final determination on the merits. No such determination exists. The Seventh Circuit has explained the two doctrines as follows:

> *Res judicata* has three elements: "(1) an identity of the parties or their privies; (2) [an] identity of the cause of action; and (3) a final judgment on the merits." . . . The doctrine of collateral estoppel—issue preclusion—is narrower. For collateral estoppel to apply, "(1) the issue sought to be precluded must be the same as that involved in the prior litigation, (2) the issue must have been actually litigated, (3) the determination of the issue must have been essential to the final judgment, and (4) the party against whom estoppel is invoked must be fully represented in the prior action."

*Matrix IV, Inc. v. Am. Nat. Bank & Tr. Co. of Chicago*, 649 F.3d 539, 547 (7th Cir. 2011) (internal citations omitted). In none of their prior bankruptcy cases did the court make any final determinations concerning the debtors' interest in

the Loop Lake Road property. The documents they cite in the complaint—the March 2009 order and their prior schedules—don't qualify.

The debtors argue that the Court should consider their "diligence" in seeking to amend their complaint (*see* CM-ECF Doc. No. 15 ¶ 19), but this is not a situation where any "diligence" of the plaintiffs has led to the requested amendment. Instead, the plaintiffs are trying to use an adversary proceeding to curtail the diligence of the U.S. Trustee under his previously-approved Rule 2004 authority. As a matter of law, the debtors cannot invoke the legal doctrines of *res judicata* or collateral estoppel to enjoin the U.S. Trustee from investigating the debtors' property interests in this case.

The debtors seem to believe that filing a prior bankruptcy, in and of itself, results in a "determination" of the assets of a debtor's estate—and that those assets thereafter may never be investigated by the United States Trustee in any future bankruptcy, as part of a future estate. There is no basis in law for such a contention, and the debtors offer none. A debtor's bankruptcy estate consists of the debtor's property interests "as of the commencement of the case," *i.e.*, as of the petition date. 11 U.S.C. § 541(a)(1). Whether property was part of a debtor's estate during a prior bankruptcy case is not conclusive of whether the property is part of the debtor's later bankruptcy estate. Property may be transferred or sold or improved between cases. At bottom, the debtors seem to be asking the U.S. Trustee (and the Court) to take their word that nothing about their property interests has changed since they filed their prior Chapter 7 petition on November 12, 2008 (or their Chapter 13 petition on July 24, 1998, or their Chapter 7 petition on February 26, 1990). In any event, the Court signed the order permitting the Rule 2004 examination on July 25, 2018, and it will not treat the present Motion to Amend the Complaint as a disguised motion for reconsideration of that earlier order.

The debtors also suggest that, because they are unrepresented, "the likelihood that the 2004 Examination will be used for an improper purpose to harass and intimidate them seems likely." There is no basis for this conjecture. The debtors have chosen to proceed without retained counsel, but admit that Mrs. Pansier has a law degree, and is clearly capable of researching and drafting documents with legal support. To date, the debtors have submitted fourteen pages of legal authority and argument in this adversary proceeding, twenty-one pages of such material in their main case, and innumerable pages in their prior three bankruptcies and related adversaries. In light of the litigation history between these debtors and the taxing authorities, the Court cautioned all parties at the most recent hearing that it will not tolerate undue delay or discourtesy. *See* CM-ECF, Doc. No. 10 (audio of August 16, 2018 hearing). The above insinuation is more of the same. The

Court expects the 2004 examination to proceed in a professional, cooperative, and expeditious manner.

In sum, the debtors cannot use a complaint for injunctive relief against the United States Trustee to circumvent their obligations to provide full and accurate disclosures in *this* bankruptcy case. Because allowing the debtors to amend their complaint to add the U.S. Trustee as a defendant would be futile, the motion to amend will be denied.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that the debtor-plaintiffs' motion for leave to amend their adversary complaint is DENIED.

Dated: August 31, 2018

By the Court:

Beth E. Hanan
United States Bankruptcy Judge